```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
JOHN CORNIEL

             Plaintiff,

   -against-                                  04 cv 2577 (KMW)(RLE)
                                                      ORDER
N.Y.S. DIVISION OF PAROLE, ELIOT SPITZER,
N.Y.S. ATTORNEY GENERAL

             Defendants.
-------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

    Petitioner John Corniel ("Petitioner") was convicted of robbery in the second degree (N.Y. Penal Law § 160.10(1)), and sentenced to a determinate term of eight years. On April 5, 2004, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He contends that he was denied effective assistance of counsel and therefore his incarceration violates the U.S. Constitution. Magistrate Judge Ronald L. Ellis issued a Report and Recommendation dated April 12, 2007 (the "Report"), recommending that Petitioner's § 2254 petition be denied.

    The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and 6(e), of the Federal Rules of Civil Procedure, they had ten days from service of the Report to serve and file any objections. The Report also informed the parties of their opportunity to request an extension of time to file objections. Finally, the Report explicitly cautioned that failure to file timely objections would

preclude appellate review.

No objections have been filed, and the time to object has expired. See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993). The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object." Id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)). Furthermore, the Court has reviewed the Report, and finds it to be well-reasoned and free of any "clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). The Court therefore accepts and adopts the Report.

Accordingly, the Court adopts the Report and denies Petitioner's § 2254 petition [#1]. The Clerk of Court is directed to close the case. Any pending motions are moot.

SO ORDERED.

Dated:   New York, New York
         May 24, 2007

                                    /s/ Wood
                                    Kimba M. Wood
                                    United States District Judge

2